# Employers Mutual Liability Insurance Co. of Wisconsin v. Melcher

*Brownback & Reynolds*, for plaintiff.

*Wisler, Pearlstine, Talone & Gerber*, for defendants.

*Duffy, McTighe & McElhone*, for additional defendant.

FORREST, J., January 31, 1956.—Where a workmen's compensation insurance carrier has paid compensation to a "borrowed" truck driver employe of its assured and then has sued the "lending" employer under the doctrine of subrogation upon a written contract whereby the latter promised to indemnify the "borrowing" employer against any loss resulting from the injury or death of the "borrowed" employe, is the "lending" employer entitled to join his own workmen's insurance carrier as an additional defendant, such latter insurance carrier having expressly agreed under the so-called Pennsylvania truckmen's endorsement "to assume liability under the Pennsylvania

Workmen's Compensation Act . . . because of bodily injuries including death resulting therefrom, to employees of this insured employer *whether they are subject to the supervision of this insured employer or are under the direction and supervision of other persons because of contract entered into between this insured employer and such persons for the transportation and delivery of commodities, merchandise or materials*"? In this case plaintiff, the Employers Mutual Liability Insurance Company of Wisconsin is the insurance carrier for the company which "borrowed" the employe. Original defendants, Melchers, trading as Penn Lumber & Millworks, are the "lending" employers, and additional defendant, Pennsylvania Threshermen & Farmers Mutual Casualty Insurance Company, is the insurance carrier for original defendants.

Pa. R. C. P. 2252(a) provides that: "In any action the defendant or any additional defendant may file as of course a praecipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or *liable over to him* on the cause of action declared upon or jointly or severally liable thereon with him." (Italics supplied.)

At first blush it might appear as if the joinder of additional defendant should be allowed in this case. However, Pa. R. C. P. 2252 "is construed as excluding the joinder as an additional defendant of one who is liable over" to original defendant "by virtue only of an express contract of indemnity" between original defendant and additional defendant: Anderson, Pa. Civ. Pract., Vol. 4, p. 411. "The rule in question, like the original Act of April 10, 1929, P. L. 479, which it replaced, was not intended to complicate legal proceedings by combining entirely separate causes of action in one suit; the cause of action as to which the original defendant may bring in an additional

defendant must still be the cause of action declared on by the plaintiff in the action against the original defendant" (citing cases) : Land Title Bank & Trust Co. v. Cheltenham National Bank, 362 Pa. 30, 41 (1949).

Since the joinder of additional defendant was improper for the reason set forth above, the demurrer to the complaint against additional defendant should be sustained, obiter dictum in our opinion of October 24, 1955, in the related case of Melcher v. Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company to the contrary notwithstanding.

And now, January 31, 1956, the preliminary objection in the nature of a demurrer to original defendant's complaint is sustained, and it is ordered that judgment be entered in favor of Pennsylvania Threshermen and Farmers Mutual Casualty Insurance Company, additional defendant.